IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0137-05






DANIEL IGO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


LUBBOCK COUNTY





 Meyers, J., filed a dissenting opinion.


O P I N I O N 




 I disagree with the majority's use of the Almanza egregious harm standard in
analyzing this claim. Almanza should not even matter in this case. The issue is whether
the court misdirected the jury about the law. No harm analysis is required. If the trial
court misdirected the jury about the law then the defendant must be granted a new trial. 

 The court of appeals should have focused on whether the trial court abused its
discretion in failing to grant a new trial. Rather than applying the Almanza harm analysis,
the court of appeals should have considered whether the instruction misled the jury. If it
did, Rule of Appellate Procedure 21.3(b) requires the granting of a new trial. 

 What is the point of Rule 21.3(b) if a judge can incorrectly instruct the jury
regarding the law and then the court of appeals applies Almanza and finds no harm? The
majority says that a statute cannot be superceded by a rule. I feel that the majority is
allowing a case to supercede a rule. I also disagree with the majority's characterization of 
Appellant's claim as arguing that defendants are not required to preserve jury-charge
error at trial as long as the issue is raised in a motion for new trial. Not all jury-charge
error misdirects the jury about the law. For example, a judge expressing an opinion as to
the weight of the evidence, summing up the evidence, discussing the facts or arousing
sympathy or exciting the passions of the jury does not misdirect the jury about the law. 
Nor does failing to give the parties time to examine and present objections or not giving
both sides reasonable time to present written special instructions. While it would be error
for the judge to fail to certify and file the charge and special instructions, to not allow the
jury to take the charge to the jury room, or to allow the jury to take into the jury room the
parts of the charge that the court refused, none of these errors misdirect the jury about the
law. Each of these errors is covered by Code of Criminal Procedure Article 36.19. The
error in the jury charge in the case before us is not. 

 Instead of conducting a harm analysis under Almanza, I would consider whether
the judge misdirected the jury about the law, and hold that this error is covered by Rule of
Appellate Procedure 21.3(b). Therefore, I respectfully dissent.


 Meyers, J.


Filed: December 20, 2006

Publish